UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: MERCURY CAPITAL ADVISORS GROUP GP, LLC,<br><br>　　　　Debtor | Chapter 7<br>Case No. 24-12326 (DSJ) |
| In re: MERCURY CAPITAL ADVISORS GROUP, LP,<br><br>　　　　Debtor | Chapter 7<br>Case No. 24-12327 (DSJ) |
| In re: MERCURY CAPITAL ADVISORS, LLC,<br><br>　　　　Debtor | Chapter 7<br>Case No. 24-12328 (DSJ) |

**ORDER CLARIFYING JUNE 16, 2025 ORDER SETTLING
AND RESOLVING MOTION OF ALAN PARDEE MODIFYING
AUTOMATIC STAY OF 11 U.S.C. §362**

This Court having entered the "Stipulation and Order Settling and Resolving Motion of Alan A. Pardee Modifying Automatic Stay of 11 U.S.C. §362 to Permit Continuation of State Court Action to Pursue Insurance Proceeds," dated June 16, 2025[1] (the "June 16 Order") (ECF 43 in Case No. 24-12328); and upon the request of Alan A. Pardee for a chambers conference, dated October 4, 2025 (ECF 52 in Case No. 12328) to discuss clarification and enforcement of the June 16 Order; and the Court being mindful that the costs of defending the Insured Claims in the State Court Action will be paid from certain insurance policies which apply to Mr. Pardee's Insured Claims issued by the Debtors' liability insurers, including without limitation, RLI Insurance Company and Zurich American Insurance Company, including its subsidiary Steadfast Insurance Company (collectively, the "Insurers"), and not by the Debtors' estates; and in order to clarify and

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the June 16 Order.

enforce the provisions of the June 16 Order, and avoid unnecessary legal fees and costs to the Debtors' estates, the Court hereby clarifies and enforces the June 16 Order as follows:

**ORDERED**, that Mr. Pardee's Insured Claims which are pending in the State Court Action may proceed to trial without any further order of this Court; and it is further

**ORDERED**, that the Insurers may select counsel to defend the Insured Claims ("Insurance Counsel"), and that Insurance Counsel may appear on behalf of the Debtors' estates solely with respect to the Insured Claims and proceed in the State Court Action without any further order of this Court. For the avoidance of doubt, this includes but is not limited to, orders (a) authorizing the retention of Insurance Counsel to defend the Insured Claims in the State Court Action, and (b) authorizing the Insurers to advance and/or pay defense costs and other loss on behalf of the Debtors incurred in connection with the Insured Claims in accordance with and subject to the terms and conditions of the Insurers' policies and without prejudice to the rights, obligations, and defenses of the Insurers, the Debtors, or the Insureds under the Insurers' policies, which shall not be construed as an admission that the Court has jurisdiction over the Insurers for any purpose; and it is further;

**ORDERED**, that to the extent that the Trustee authorizes, consents, or does not object to Insurance Counsel appearing and defending the Insured Claims in the State Court Action, then that authorization, consent, and lack of objection is hereby approved without need for any further order of this or any other Court; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 4001(a)(3), this Order shall be effective immediately.

Dated: New York, New York            _s/ David S. Jones_
       October 15, 2025               Honorable David S. Jones
                                                  United States Bankruptcy Judge